[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 9, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13775
Non-Argument Calendar

_____

D. C. Docket Nos. 06-00769-CV-T-26EAJ & 05-00061-CR-T-2

JEVON SCOTT,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 9, 2007)**

Before TJOFLAT, BIRCH and KRAVITCH, Circuit Judges.

PER CURIAM:

Jevon Scott, a federal prisoner proceeding <u>pro se</u>, appeals the district court's

summary denial of his motion to vacate, brought pursuant to 28 U.S.C. § 2255.

Scott alleges ineffective assistance of counsel because his attorney failed to

investigate and pursue a claim of selective prosecution. Because Scott's motion

did not establish that his counsel's performance was deficient, we affirm.

## I. BACKGROUND

According to the uncontested record, Scott, pursuant to a written plea

agreement, pleaded guilty to conspiracy to possess with the intent to distribute 50

grams or more of crack cocaine, in violation of 21 U.S.C. § 846, and was sentenced

to 180 months of imprisonment.

Scott did not file a direct appeal but instead filed a motion to vacate his

sentence, alleging that his counsel provided ineffective assistance by failing to

investigate and pursue a claim of selective prosecution. Specifically, Scott claimed

that he and other African-Americans were selected for federal prosecution on drug

crimes while similarly-situated white defendants were prosecuted in state court. In

his motion, Scott included affidavits from fellow African-American prisoners who

stated that they too were prosecuted for federal drug crimes while similarly-

situated white defendants were prosecuted in state court. He also included the

arrest affidavits for various white defendants indicating that those individuals were

2

prosecuted by the state for drug crimes.[1]

The district court summarily dismissed Scott's motion without an evidentiary hearing, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, because Scott failed to show that he suffered prejudice from the alleged selective prosecution. The district court held that a claim of selective prosecution requires that the defendant must show that the "similarly situated individuals *were not prosecuted*, and [he was] also required to show that the difference in treatment, or selectivity of the prosecution, was motivated by a discriminatory purpose." United States v. Smith, 231 F.3d 800, 809 (11th Cir. 2000) (citing United States v. Armstrong, 517 U.S. 456, 465 (1996) (emphasis in the district court opinion). Because Scott only alleged that the white defendants had been prosecuted in state court rather than federal court, the district court held that Scott could not have won a selective prosecution claim, and thus could not satisfy the prejudice prong in a claim of ineffective assistance of counsel.

---

[1] After the briefing for this appeal, Scott moved to supplement the Record on Appeal pursuant to Federal Rules of Appellate Procedure 10(e)(2) with several documents, including an affidavit from Handy Baily, a federal prisoner who attests to the length of time necessary to gather the documents Scott presented to the district court, and correspondence between Scott and law enforcement officials regarding his requests for documents. We hereby grant Scott's motion to supplement the record.

## II. STANDARD OF REVIEW

We review a district court's denial of a petition for writ of habeas corpus <u>de novo</u>, and the district court's findings of fact for clear error. <u>Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir. 2004); <u>Wright v. Hopper</u>, 169 F.3d 695, 700 (11th Cir. 1999).

## III. DISCUSSION

In order to prevail on his claim of ineffective assistance of counsel for not investigating and pursuing a claim of selective prosecution, Scott must show that his counsel's performance was constitutionally deficient and that this deficiency prejudiced him. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); United <u>States v. Greer</u>, 440 F.3d 1267, 1272 (11th Cir. 2006) ("To prevail on a claim of ineffective assistance of counsel, [petitioner] must prove: (1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that he was thereby prejudiced, that is, there is a reasonable probability that but for counsel's deficient performance, the result of his trial would have been different."). "Both showings are necessary for any relief; failure to establish either is fatal and makes it unnecessary to consider the other." <u>Rutherford v. Crosby</u>, 385 F.3d 1300, 1308-09 (11th Cir. 2004) (citing <u>Strickland</u>, 466 U.S. at 697).

4

The standard to prove selective prosecution is a demanding one. Armstrong, 517 U.S. at 463. Scott must show by clear evidence that the alleged selective prosecution "had a discriminatory effect and that it was motivated by a discriminatory purpose." Smith, 231 F.3d at 808. After reviewing the record, we conclude that Scott did not meet his burden of demonstrating defective representation because he has not shown any evidence that his counsel knew or should have known about the alleged discrepancies in federal drug prosecutions based on race.[2]

Moreover, even if Scott's counsel was aware or should have been aware of the alleged racial discrepancies in federal prosecutions, that discrepancy alone is not enough to succeed on a selective prosecution claim. Scott must show that the difference in treatment was "motivated by a discriminatory purpose." Smith, 231 F.3d at 809 (citing Armstrong, 517 U.S. at 465). Scott did not allege or provide any evidence regarding any discriminatory motive for the alleged selective prosecution. Because of the lack of any evidence regarding the motives of the prosecutors in selecting Scott for federal prosecution and the slim evidence regarding the alleged racial disparity in federal prosecutions, the failure of Scott's

---

[2] In fact, in his motion to supplement the record on appeal, Scott himself notes that it took his fellow prisoner more than five years to gather the documents Scott submitted on behalf of his motion.

counsel to pursue a claim of selective prosecution does not fall "below an objective standard of reasonableness" necessary to succeed on an ineffective assistance of counsel claim. Chandler v. United States, 218 F.3d 1305, 1312 (11th Cir. 2000) (en banc) (quoting Darden v. Wainwright, 477 U.S. 168, 184 (1986).[3]

## IV. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district courts denial of Scott's motion to vacate.

---

[3] Although the district court denied the motion to vacate based on the prejudice prong of Strickland, we affirm the decision of the district court on alternative grounds. See United States v. Cover, 199 F.3d 1270, 1277 (11th Cir. 2000). Because we conclude that Scott does not meet his burden to show deficient representation, we need not address the question of prejudice. Rutherford, 385 F.3d at 1308-09.